IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      No. CR 03-2365 JB

DANIEL SHADOWHAWK FOGHORN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion *in Limine* to Exclude Statements of Defendant and Co-Defendants, filed October 12, 2004 (Doc. 90). The issue is whether the Supreme Court of the United States' recent decision in Crawford v. Washington, 124 S.Ct. 1354 (2004), precludes the United States from introducing as evidence the statements of the Defendant, Daniel Shadowhawk Foghorn, and of his two former co-Defendants, Trevor Nez and Erickson Tso. Because the Court finds that there is a likelihood no party will attempt to introduce the statements of Nez and Tso, the Court will not decide the issue of their admissibility at this time, but will deny the motion to the extent it seeks to preclude the United States from using Foghorn's statements.

## FACTUAL BACKGROUND

Agents of the United States took statements from Foghorn, Nez, and Tso as part of the investigation of the charges brought against them. No one disputes that the in-custody statements that they made were voluntary and made pursuant to the required warning from Miranda v. Arizona, 384 U.S. 436 (1966). Foghorn has not, however, had an opportunity to cross-examine Nez and Tso regarding the material contained in their statements.

## PROCEDURAL BACKGROUND

Both Nez and Tso entered into guilty plea agreements with the United States and, by the terms of their respective pleas, waived all relevant Constitutional rights. Nez and Tso are thus not unavailable to testify at trial in the case against Foghorn. The United States Attorney's Office has subpoenaed Nez and Tso, but indicated it does not intend to call them at trial as witnesses against Foghorn.

None of the three Defendants, including the two whom have been sentenced, have challenged the voluntariness of their statements. The United States has alerted the Court and Foghorn to the possibility that, in response to questions that Foghorn may ask, or in response to areas of inquiry that Foghorn may pursue, the United States may seek to ask questions related to the hearsay statements that either Tso or Nez made. This notice was related to Dr. Barbara McGuire's proposed testimony.

Foghorn moves the Court to enter an order precluding the United States from presenting in any manner, other than for impeachment, statements taken from Foghorn, Nez, and Tso by law enforcement personnel. Foghorn makes his motion pursuant to the Fifth and Sixth Amendments to the United States Constitution, and under Crawford v. Washington. In its response, the United States also moves the Court for a ruling, based on the pleadings that the parties have submitted and on the arguments provided at the October 15, 2004 hearing, regarding statements made to law enforcement by Foghorn, Nez, and Tso.

## CRAWFORD DECISION

Rule 801(d)(2) of the Federal Rules of Evidence removes from hearsay an "**[a]dmission by party-opponent**[:] The statement is offered against a party and is (A) the party's own statement, in . . . an individual . . . capacity." Fed. R. Evid. 801(d)(2)(emphasis in the original). United States v.

Crawford, in contrast, addressed the out-of-court statements of the defendant's spouse. United States v. Crawford indicates that the Sixth Amendment permits the admission of testimonial statements of witnesses absent from trial only when the declarant is unavailable and when the defendant has had a prior opportunity to cross-examine the declarant. See Crawford v. Washington, 124 S.Ct. at 1374. In declining to extend Crawford v. Washington, the United States Court of Appeals for the First Circuit stated: "[N]either unavailability nor absence of opportunity for prior confrontation can apply to a defendant's own remarks." United States v. Lopez, 380 F.3d 538, 546 n.6 (1st Cir. 2004).

## ANALYSIS

Foghorn contends that the United States took these statements to law enforcement personnel during custodial interrogations without the litmus test and "crucible of cross-examination" that the Sixth Amendment mandates. See Crawford v. Washington, 124 S.Ct. at 1370. Foghorn argues that any attempt by the United States to introduce the Nez' and Tso's statements would violate Foghorn's Sixth Amendment rights.

The United States does not intend to introduce any statement that Erickson or Tso made in its case in chief. The United States does not intend to mention these two statements' contents before the jury or to address Nez' or Tso's statements with any witness at any time in the presence of the jury unless it first approaches the Court and requests specific permission to do so.

The Court's ruling on McGuire's proposed expert testimony may have eliminated the need for her to rely on any hearsay statements in her testimony. Foghorn also represented that, by the time McGuire testifies, she will not rely on the statements in any way for her testimony, but will instead be relying upon the evidence elicited at trial; McGuire will be the last witness. Nevertheless, the

United States maintains that, should Foghorn attempt to inject portions of hearsay from a statement of Tso or Nez, it intends to solicit the entirety of the hearsay upon which she relies. The United States represents that it will not pursue these avenues of questioning, should these events occur, without first addressing the Court and Foghorn regarding its intentions and seeking a ruling from the Court. Anticipating that Foghorn will be careful not to open the door to evidence that it does not want the jury to see or hear, the Court will not at this time address an issue that may not arise and may never need to be addressed.

The United States also foresees a possibility, should Foghorn choose to testify, of asking questions about the activities mentioned in either Nez' or Tso's statements to law enforcement. The United States does not, however, intend to attribute the statement to Nez or Tso. Those statements merely provide the United States with a good faith basis for asking Foghorn questions.

The remaining issue is thus whether Crawford v. Washington applies to a defendant who is standing trial. A search of caselaw has not revealed any cases discussing the issue.

As the Defendant in this case, Foghorn has an absolute right, guaranteed by the Fifth Amendment, to remain silent. He is, therefore, unavailable for trial. Foghorn contends, however, that under Crawford v. Washington, this unavailability is insufficient to allow the United States to present Foghorn's statements to the jury. Foghorn contends that the United States is unable to satisfy the strictures of reliability outlined in Crawford v. Washington.

The plain reading of Crawford v. Washington indicates that the Supreme Court did not intend to apply it to defendants. The Court believes that Justice Scalia, the author of Crawford v. Washington, would be comfortable with this conclusion. As far back as Sir Walter Raleigh's time, the prosecution could use a defendant's statement against him as an admission. Crawford v.

Washington does not, nor has any case since it was decided, purport to create a new mode of suppression of a defendant's statement.  The Supreme Court in Crawford v. Washington did not expressly overrule generations of case law that allow the admission of a statement by a criminal defendant who voluntarily waives his right to silence and speaks with a law enforcement officer.  This district court should be reluctant to overrule Supreme Court authority.  See, e.g., State Oil Co. v. Khan, 522 U.S. 3, 20 (1997); Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484 (1989); Powers v. Harris, 379 F.3d 1208, 1214 (10th Cir. 2004).  The Supreme Court alone can declare one of its precedents overruled.  Even if Crawford v. Washington were read to undercut cases allowing the admission of self-incriminating statements against defendants, the power to decide those cases no longer are good law belongs to the Supreme Court, or, in this case's situation, the United States Court of Appeals for the Tenth Circuit.  The alternative would be to create confusion in the criminal justice system.  The Supreme Court alone should decide whether most defendants' statements to police are no longer admissible.

     Moreover, it would be contrary to the plain reading of the Sixth Amendment, which states the accused has the right "to be confronted with the witnesses against him," U.S. Const. Amend. VI, to suggest that Foghorn did not have an opportunity to cross examine himself, and therefore the statement is unreliable.  Likewise, the defendant's logic that he is unavailable based on the Fifth Amendment privilege against self-incrimination and, therefore, unavailable for the purposes of Crawford v. Washington, is circular.  The Court is not convinced that the defendant is "not available" based on the Fifth Amendment.  To the contrary, the Defendant is "too available" in that he is present, in the court room, and able to testify as to the accuracy of the particular statements.  The lack of case law addressing the applicability of the Sixth Amendment to the Defendant's own statements indicates

that neither the Sixth Amendment nor Crawford v. Washington were intended to apply to defendants.

For these reasons, the Court will not expand Crawford v. Washington beyond its already broad implications. If Foghorn opts to testify in his own behalf, then the United States may introduce the statements that Foghorn gave to law enforcement personnel for their truth and for impeachment purposes pursuant to rule 613(a) of the Federal Rules of Evidence.

**IT IS ORDERED** that the Defendant's Motion *in Limine* is granted in part and denied in part. The Court will address this Motion *in Limine* and address before trial some issues related to the statements that the Defendant and former co-Defendants made to law enforcement officers. The United States is precluded from presenting at trial the statements taken from the former co-Defendants by law enforcement personnel, except as permitted for impeachment should any of them testify; the Court will withhold any ruling related to uses of the co-Defendants' statements unless and until they arise, with the understanding that, should the United States and Foghorn seek to introduce any portion of either co-Defendant's statement into evidence before the jury, that matter will be addressed before the Court out of the presence of the jury. Statements that the Defendant made to the law enforcement officers are admissible before the jury.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Paula Burnett
Glynette Carson McNabb
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

D. Penni Adrian
Joseph M. Campbell
Albuquerque, New Mexico

    *Attorneys for the Defendant*