## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                                         No. CR-03-2365 JB

DANIEL SHADOWHAWK FOGHORN,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** comes before the Court on: (i) United States Notice of Intention to Use Transcript of Defendant's Testimony From Prior Trial in the Government's Case in Chief, filed February 18, 2005 (Doc. 145); (ii) United States Supplement to the Notice of Intention to Use Transcript of Defendant's Testimony From Prior Trial in the Government's Case in Chief, filed May 31, 2005 (Doc. 163); (iii) Supplement to United States Notice of Intention to Use Transcript of Defendant's Testimony from Prior Trial in the Government's Case in Chief, filed July 18, 2005 (Doc. 179); and (iv) the Defendant's Notice of Objection to U.S. Notice of Intent to Introduce in Government's Case in Chief Defendant's Prior Trial Testimony, filed July 22, 2005 (Doc. 183). The counsel for the United States and for Defendant Daniel Shadowhawk Foghorn have reviewed the proposed trial transcript and have agreed that all references to the prior trial will be modified to ensure that no reference is made to prior trial proceedings. The only remaining issues regarding the transcript as proposed that are in dispute are as follows:

        1. The United States wishes to strike lines 23-25 on page 118 continuing to lines 1-8 on page 119. Pursuant to the doctrine of completeness, Foghorn requests this testimony be read with the

preceding and subsequent testimony. The Court will overrule Foghorn's objection in part and sustain it in part. The prior testimony relates to what occurred, and the subsequent testimony relates to Foghorn's intentions. The requested testimony in lines 118:23 - 119:5 is about Foghorn's feelings. The prior and subsequent testimony are complete without the requested testimony in those lines, because they deal with a separate subject -- Foghorn's feelings now about what happened that night. On the other hand, lines 6-8 on page 119 relates to intent; it needs to be read with the subsequent testimony.

    2. Foghorn objects to the reading of the testimony on page 118, lines 12-18, page 133, lines 18-25, and on page 134, lines 1-8 on the grounds it contains testimony ascribed to a third person, which testimony Foghorn did not specifically adopt. Foghorn contends that this testimony is not therefore an admission of a party under rule 801(d)(2)(B) of the Federal Rules of Evidence and that the United States may not present this evidence to the jury as the United States proposes.

        a. The first sentence in lines 12-13 on page 118 should not be read. The second sentence shall be modified to say: "Did you tell your father that you had seen Trevor kicking Paul Williams and hitting him in the head with a rock?" The last sentence, in lines 17-18 on page118, should not be read.

        b. Lines 18-25 on page 133 and lines 1-8 on page 134 should be modified as follows:

    Q. You told him that Trevor had told you that he had faced a superior
    power or superior force.

    A. No, I did not. I told him that we went back and we beat him some
    more.

**IT IS ORDERED** that the Defendant's Objections are sustained in part and overruled in part, as indicated in this order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Paula G. Burnett
  Deputy Criminal Chief Assistant
    United States Attorney
Glynette Carson McNabb
  Assistant United States Attorney for the
    District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

D. Penni Adrian
Albuquerque, New Mexico

*-- and --*

Arturo B. Nieto
Albuquerque, New Mexico

    *Attorneys for the Defendant*