IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                           No. CR. 03-2365 JB

DANIEL SHADOWHAWK FOGHORN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Notice of Objection to Timeliness Regarding the Admissibility and Scope of Defendant's Proposed Expert Testimony of Stephen A. Gregory, Ph.D. and in the Alternative a Request for Time to File a Motion in Limine and Pre-Trial Hearing on *Daubert* Issues, filed July 21, 2005 (Doc. 182). The primary issue is whether the Court should allow this recently identified expert witness to testify for Defendant Daniel Shadowhawk Foghorn. Because any prejudice to the United States is minimal, and the Court believes it can minimize any actual prejudice, the Court will overrule the United States' objection to the admissibility of Gregory's testimony, but will sustain the United States' objection to Gregory testifying without a Daubert hearing.

## PROCEDURAL BACKGROUND

On December 4, 2003, the United States provided in discovery a report from the United States Department of Commerce, the National Climatic Data Center addressing, among other things, temperature, clouds, and other weather observations. To address similar issues about conditions that night, Foghorn proposes to call Gregory as his expert and as his first witness. On July 18, 2005, and

pursuant to rule 16(c) of the Federal Rules of Criminal Procedure, Foghorn's counsel provided to the United States both a report that Gregory had authored and his curriculum vitae.[1]  The notice includes a lengthy list of documents by Gregory.

Gregory's testimony involves his evaluation of lighting conditions on October 25, 2003, during the events related to this cause.  According to the United States, Foghorn's counsel has indicated that she intends to have Gregory "discuss ambient light, and to answer questions about ability to see at distances under the circumstances of that particular date during the relevant hours." The United States represents that Gregory's report concludes: "The situation in question corresponds to the very darkest conditions possible in the desert Southwest."

Because Foghorn's counsel could not predict what questions the United States might ask Gregory, Foghorn asked Gregory  -- not as a part of his task for Foghorn -- if he would be able to respond to questions about the distances at which humans could see objects, given the level of darkness.  The United States was made aware he could respond to that question.

This disclosure occurred one week before the scheduled trial.  In an effort to avoid this late notice issue with the case proceeding toward trial, the United States asked Foghorn's counsel to propose a stipulation to which the parties might agree.  Specifically, the United States offered to stipulate that "there was no moon, but there were stars."  Foghorn's counsel did not propose such a stipulation and has indicated that she would prefer to call the witness.

The United States requests the Court to order that Gregory's testimony is not admissible because it is untimely.  In the alternative, the United States requests a continuance to permit a hearing

---

[1] The United States represents that it supplied a copy of Gregory's report with its motion, but no report was attached.

before trial regarding the admissibility and scope of Gregory's testimony. Foghorn opposes this motion.

## ANALYSIS

The United States does not and cannot dispute that Gregory is qualified to offer some opinions. While it would have been preferable for Foghorn to have made his disclosure earlier, it is not clear that the United States would have done anything other than prepare for cross-examination if Foghorn had done so months ago. Accordingly, the Court will let Gregory testify, but will also hold a Daubert hearing in non-work hours during the trial to give the United States an opportunity to determine the scope of his testimony.

### I.   THE COURT WILL ALLOW GREGORY TO TESTIFY.

It is important that the jury understand the setting in which the incident giving rise to this case occurred. Foghorn contends that, based upon the case's posture, both now and during the previous trial, the United States will not agree to having a lay witness discuss the moon's phase on October 25, 2004, and to comment upon the resultant degree of darkness in a remote area like Turtle Rock, New Mexico. Accordingly, Foghorn asked Gregory, a recognized expert in the alleged area of inquiry, to determine the moon phase/position between midnight and 4:00 a.m. on the date of Williams' death, and to factor in the ambient light sources so he could set the stage for the jury.

It is true that there was no moon, but there were stars. But that evidence does not address the question: "How dark was it?" Foghorn seeks to give the jury the answer to that question by the testimony of a person who allegedly studies and measures illumination under certain astronomical conditions. Foghorn is open about what he is trying to do, and Gregory's testimony does not inject information into the trial that is irrelevant. Many witnesses testified in the prior trial that "it was very

dark." This expert will attempt to quantify that statement with a scientific explanation.

The United States does not challenge that Gregory is Ph.D. astronomer. Gregory does not dispute that Gregory is a fully qualified expert. Gregory is qualified to give opinions on some issues.

Although the witness is new and the notice is new, the proposed testimony is not new. The fact or quality of the light on the early morning hours of October 25, 2003, and opinions related to those issues, were present in the first trial. The United States contends that these issues are something that Foghorn could have provided earlier, and Foghorn could have easily and timely disclosed the report to the United States.

This late notice, however, does not necessarily prevent it from having an opportunity to fully review the notice, preclude it from fully evaluating the nature and content of the expert opinions, foreclose any opportunity to meet the evidence, or hinder it from fairly preparing to cross examine the witness. The Court can probably mitigate any prejudice by holding a <u>Daubert</u> hearing. It is true that the late notice requires it to spend needed trial preparation time dealing with newly created but pre-existing issues. But these problems are present in almost every case. The minimal attention this will require do not justify completely precluding Gregory from testifying.

The nature and content of Gregory's testimony does not require a continuance of the entire trial. There is no evidence that Foghorn named Gregory as a witness in a deliberate design to disrupt the United States' trial preparation. The Court will allow Gregory to testify.

**II.  THE COURT WILL TRY TO SQUEEZE IN A <u>DAUBERT</u> HEARING IN A MORNING OR EVENING OF THE TRIAL DAYS.**

The United States alternatively asks the Court to either preclude Foghorn from calling this witness at this late date or, in the alternative, to grant a continuance of this trial to permit the United

States the opportunity to properly evaluate the testimony and to have a <u>Daubert</u> hearing as the Federal Rules of Evidence and the case law require. The United States contends that these are the only two options that will allow it a fair opportunity to present this case and to address this witness if he is allowed to testify. The United States maintains that the issue before the Court at a <u>Daubert</u> hearing would be whether Gregory may testify and, if so, the scope of this testimony.

Although the Court believes that it should allow Gregory to testify about certain opinions, it has some concerns about this witness. The Court's gatekeeping function is to prevent the inappropriate extension of expertise and to insure that the court permit into evidence only expert opinions that help than confuse the jury. The United States suggests that it is not so obvious that the conclusions that Foghorn's counsel is asking Gregory to address are fully appropriate under the Federal Rules of Evidence or the <u>Daubert</u> line of cases. The United States fears that Foghorn's counsel intends to stretch the opinions that Gregory can give beyond his scientific capability. The United States argues that Gregory may testify regarding some issues within his expertise, but contends that the opinions noted in his report are beyond his expertise.

The United States has not had an opportunity to investigate some of Gregory's broad and sweeping statements. The United States also has not had an opportunity to prepare to examine this witness before a jury. To address these problems, the Court will give the United States an opportunity to explore his brief testimony before it is presented to the jury. Gregory can initially testify outside the presence of the jury in the morning before trial or in the evening after the work day.

The Court would strongly prefer not to take a recess with the jury waiting or take an extended lunch break. The Court has other hearings set for lunch on every trial day but one; the Court and its staff eats at the end of the lunch break.

**IT IS ORDERED** that the United States' Notice of Objection to Timeliness Regarding the Admissibility and Scope of Defendant's Proposed Expert Testimony of Stephen A. Gregory Ph.D. is sustained in part and overruled in part. The Court will not preclude Gregory's testimony as untimely or grant a continuance, but will take some time to permit in the morning or in the evening of a day of trial to permit a hearing regarding the admissibility and scope to Gregory's expert testimony.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Paula G. Burnett
  Deputy Criminal Chief Assistant
    United States Attorney
Glynette Carson McNabb
  Assistant United States Attorney for the
    District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

D. Penni Adrian
Albuquerque, New Mexico

-- *and* --

Arturo B. Nieto
Albuquerque, New Mexico

    *Attorneys for the Defendant*